Michael J. Ryan, Esq. (SBN 162603)
mryan@stearnsandryan.com
STEARNS & RYAN
11777 San Vicente Blvd, Suite 555
Los Angeles, CA 90049
Phone:(310) 424-1424

Attorney for Plaintiff, S.W., a minor, by and through her Guardian ad Litem, JESSICA WEILER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| S.W., a minor, by and through her Guardian ad Litem, JESSICA WEILER,<br><br>Plaintiff,<br><br>vs.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT and DOES 1 through 20,<br><br>Defendant. | CASE NO. 8:23-cv-01266-MWC-DFM<br><br>*Assigned for All Purposes to:*<br>*Hon. Judge Michelle Williams Court – Courtroom 6A*<br><br>**PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>*Complaint filed: May 9, 2023* |

I. **Introduction** This Petition is brought by JESSICA WEILER, as the parent and appointed Guardian ad Litem of S.W., a minor. This Petition seeks the Court's approval of a compromise of a disputed claim on behalf of the minor pursuant to CivLR 17.1. and California Probate Code § 3600, et. Seq. CivLR 17.1.b.4.b

II. **Background**

- Name of Minor: S.W., a minor female.
- Age: 10 (Date of Birth 10/31/2014)
- Description of Injury: Emotional Distress

- Defendant: Capistrano Unified School District

On May 9, 2023, Plaintiff commenced this action in the Superior Court of the State of California for Orange County entitled S.W., a minor by and through her Guardian ad Litem, Jessica Weiler v. CAPISTRANO UNIFIED SCHOOL DISTRICT and DOES 1 through 20, Defendants, as case number 30-2023-01328094-CU-PO-CJC.

On July 11, 2024 the case was removed to Federal Court designated as the present action.

Plaintiff subsequently filed two Amended Complaints, with the Second Amended Complaint serving as the operative pleading (Document Number 22). The Second Amended Complaint alleges the following causes of action: (1) Violation of Title IX 20 U.S.C. § 1681 (a), (2) Violation of California *Education Code* § § 212.5 and 815.2(a), and (3) Negligence.

From October 4, 2023 through present, the parties prosecuted the case, conducting discovery, including the depositions of Plaintiff and the minor Plaintiff's parents.

Plaintiff alleged she was lured behind a building at her school and asked to touch a boy's penis and show her "privates" to the boy. There were no witnesses to the incident. S.W. did not report the incident at the time, telling her father about it a week later. In the course of litigation, Plaintiff's deposition was taken. In deposition, she admitted at least nine times the story about the boy sexually harassing her was a lie. She specifically denied the factual basis for her claims and admitted she made up the story because she was "trying to be funny."

Counsel for both parties engaged in discussion regarding resolution of the case with a determination of a reasonable settlement based on the merits of the case. Insofar as there were no witnesses to the incident, it was not reported at the time, and Plaintiff repeatedly admitted she lied about the entire incident to be funny, her case had little merit.

In light of the outcome of the case, counsel for Plaintiff has waived all legal fees and seeks only reimbursement of legal costs as outlined and evidenced in the Declaration

of Michael J. Ryan. The legal fee waiver was not requested by Plaintiff but offered by counsel to maximize the minor's recovery.

### III. Legal Standard

Under Central District Local Rule 83.5.1, "[n]o claim in any action involving a minor ... shall be settled, compromised or dismissed without leave of the Court." C.D. Cal. L.R. 83-5.1. Additionally, "hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor ... shall conform to" California Code of Civil Procedure § 372 and California Rule of Court 3.1384 "[i]nsofar as practicable." C.D. Cal. L.R., 83-5.2. California Rule of Court 3.1384 in turn states that a motion for approval of a minor's compromise must comply with California Rule of Court 7.950. Cal. Ct. R. 3.1384(a). Accordingly, a motion for approval of a minor's compromise "must contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise, covenant, settlement, or disposition." Cal. Ct. R. 7.950.

### IV. The Court Should Approve the Minor's Compromise Because the Net Recovery to C.S. Is Fair and Reasonable.

District courts have a special duty under Federal Rule of Civil Procedure 17(c) "to safeguard the interests of litigants who are minors." *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*. (internal quotation marks omitted). However, the scope of a district court's inquiry is "limit[ed] ... to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. Moreover, a "district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for ... plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*.

V. **Details of Proposed Settlement**
- Total Settlement Amount: $10,000
- Attorney's Fees: $0.00. Attorney's Fees have been waived, with only a request for reimbursement of Costs.
- Medical Expenses/Liens: Not applicable as outlined in the Declaration of Jessica Weiler.
- Legal Costs Expended: $1,174.98 (outlined in the Declaration of Michael J. Ryan).
- Total fees and expenses to be paid from proceeds of settlement: $1,174.98
- Balance of proceeds of settlement available for Minor after payment of all fees and expenses: $8,825.02.

VI. **Disposition of Settlement Funds** It is proposed that the Balance of proceeds ($8,825.02) be held on any conditions the court determines are in the best interest of the minor, but requests the Court order the balance be deposited in an interest-bearing, federally insured blocked account under the benefit of the Minor's full legal name. No withdrawals of principal or interest shall be made from the blocked account or accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the minor attains the age of 18 years, or on October 31, 2032. When the minor attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to escheat. Following the Court's order and issuance of the appropriate draft for specific deposit, Petitioner will file all necessary notices of deposit with account information with the Court.

VII. **Guardian's Declaration** Submitted in support of this Petition is a declaration from JESSICA WEILER, stating that this settlement is in the best interest of the minor.

VIII. **Attorney's Declaration.** Submitted in support of this Petition is a declaration from MICHAEL J. RYAN, stating that this settlement is in the best interest of the minor

IX. **Conclusion** Based on the above, Petitioner requests that this Court approve the minor's compromise and authorize the settlement as outlined and prepare an Order approving settlement with instructions for conditions for holding the funds until the minor's reaches the age of majority.

DATED: February 5, 2025     **STEARNS & RYAN**

By: **/s/ Michael J. Ryan**
**MICHAEL J. RYAN**
Attorneys for Plaintiff, S.W., a minor, by and through her Guardian ad Litem, JESSICA WEILER